Lloyd P. SALYER and Lois Salyer,
Appellants,

v.

Robert E. McLAUGHLIN, et al., as Mem-
bers of the Zoning Commission for the
District of Columbia, Appellees.

No. 13452.

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 24, 1957.

Decided Feb. 7, 1957.

Mr. Mark P. Friedlander, Washington, D. C., for appellants.

Mr. Hubert B. Pair, Asst. Corp. Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, and Milton D. Korman, Principal Asst. Corp. Counsel, were on the brief, for appellees. Messrs. Vernon E. West, Corp. Counsel at the time record was filed, and J. Hampton Baumgartner,

Jr., Asst. Corp. Counsel, also entered appearances for appellees.

Before PRETTYMAN, BASTIAN, and BURGER, Circuit Judges.

BASTIAN, Circuit Judge.

Appellants (plaintiffs) are the owners of certain unimproved land in the District of Columbia in what is known as a residential "A" Restricted District, under which the land, at the time of the execution of the contract to purchase, was susceptible of division into lots for construction of single-family dwellings. Appellants had contracted to purchase the land on June 9, 1955, completing the purchase on October 12, 1955.

On October 7, 1955, the Zoning Commission issued notice of a public hearing to be held on a proposed amendment to the Zoning Regulations to impose limitations for minimum size and minimal frontage requirements of building lots in, among others, residential "A" Restricted Districts. The proposed amendment was described as an interim measure pending adoption of a complete revision of the Zoning Regulations presently under study. The proposed amendment, as required by law, § 5–417, D.C. Code 1951, was referred to the Zoning Advisory Council, which, on November 15, 1955, filed its report recommending adoption of the proposed amendment. On November 16, 1955, the public hearing on the proposed amendment was held, at which both opposition and approval were presented, and thereafter, on December 7, 1955, the amendment was adopted. As a result of this amendment, two of the six lots into which appellants had sought to divide their land did not meet minimum lot requirements.

After attempting to have the Board of Zoning Adjustment grant a variance and being refused,[1] appellants instituted the instant suit for, among other things, injunctive relief to prevent the Zoning Commission from enforcing and carrying into effect the changes in residential

---

1. No appeal was taken from the action of this Board, and the members thereof are not parties to this litigation.

"A" Restricted Districts set forth in the Commission's order of December 7, 1955, and to declare unconstitutional, illegal and void the order of December 7, 1955.

On defendants' (appellees') motion to dismiss or, in the alternative, for summary judgment, the District Court granted the motion for summary judgment. This appeal followed.

At the hearing of the case in this court, appellants urged three points for reversal: (1) that there is no statutory authority under the enabling statute to fix minimum lot widths and sizes; (2) assuming there is statutory authority, the action of the Zoning Commission was not reasonable and was not based on sufficient evidence to be valid; and (3) assuming that there was statutory authority and that there was a basis of fact and reason in fixing minimum lot widths and sizes, the application of such sizes to the particular lots in this case was not a proper exercise of authority and, as to these two lots, the interim regulation was not valid.

█ In answer to the first contention, we think there is ample authority under §§ 5–413 and 5–414 of the D.C.Code, 1951,[2] for the action taken in fixing minimum widths and sizes of lots. For example, the statute names density of population as one of the factors in zoning.

█ In answer to appellants' second contention, it is clear that the Zoning Commission proceeded in accordance with established practice and as required by law, § 5–417, D.C.Code 1951. Notice of the proposed amendment was published; the proposed amendment was referred to the Zoning Advisory Council; the public hearing was held at which the matter was considered; and the amendment to the Zoning Regulations was adopted and published. We cannot say that there was no rational basis for finding the amendment in the public interest, and, at any rate, this court has no right to substitute its judgment for that of the Zoning Commission. Certainly, nothing appears to indicate that the Commission's action was unreasonable or arbitrary. Lewis v. District of Columbia, 1951, 89 U.S.App.D.C. 72, 190 F.2d 25.

█ In answer to appellants' third contention, it is clear that, while some financial injury to appellants may result by reason of the enforcement of the regulation, the welfare of the community must govern. This is one of the inevitable results of the enforcement of zoning regulations. See Marblehead Land Co. v. City of Los Angeles, D.C., 36 F.2d 242; 9 Cir., 47 F.2d 528, certiorari denied 284 U.S. 634, 52 S.Ct. 18, 76 L. Ed. 540.

We have examined the other contentions raised by appellants and find no error affecting substantial legal rights.

Affirmed.

---

2. Title 5, §§ 401–430, D.C.Code 1951, constitute the Zoning Law for the District of Columbia, as amended.